Submitted on record and briefs August 3, reversed and remanded
September 26, 2001

## Teresa Janette GABER,
*Appellant,*

*v.*

## Joseph P. GABER,
*Respondent.*

## 98-CV-0483-MA; A106861

32 P3d 921

Michael W. Peterkin filed the opening brief for appellant. Joel S. DeVore and Luvaas, Cobb, Richards & Fraser, P.C., filed the reply brief.

Marjorie A. Speirs, Janet M. Schroer, and Hoffman, Hart & Wagner, LLP, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

## BREWER, J.

■     Plaintiff appeals from a summary judgment for defendant in this action for battery and intentional infliction of emotional distress. The decisive issue on appeal is whether plaintiff's claims are barred by a release provision contained in a stipulated judgment that dissolved the parties' marriage before this action was commenced. We view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to plaintiff, the nonmoving party, to determine whether there is a genuine issue as to any material fact and whether defendant is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). We reverse and remand.

Plaintiff and defendant were married in 1993. In January 1997, defendant allegedly battered plaintiff. Plaintiff then filed an action to dissolve the parties' marriage. Each party was represented by counsel in the dissolution action. In April 1998, defendant's attorney took plaintiff's deposition. In response to a question about why the parties separated, plaintiff explained that defendant beat her in January 1997 and that she then moved out of the marital home and obtained a restraining order against defendant. In July 1998, the court in the dissolution action entered a stipulated judgment dissolving the marriage. Defendant's attorney prepared the stipulated judgment, but both parties approved it on the record before the court signed it.

■     The stipulated judgment contained the following provision:

> "16. **RELEASE** Except as specifically provided herein, each party releases the other from any and all claims or demands of whatsoever nature which either party has or may claim to have against the other arising out of or in any way connected with their marriage to each other and its subsequent dissolution, including but not limited to all claims for property, support, suit money, attorney fees and costs. This agreement is intended to be a full, binding and complete final marital settlement between the parties except as specifically set forth herein, subject only to approval of the Court."

In October 1998, plaintiff filed this action against defendant, asserting claims for battery—arising from the January 1997 incident—and for intentional infliction of emotional distress—beginning in 1993 and culminating in January 1997. Defendant moved for summary judgment on the ground that plaintiff's claims were barred by claim preclusion and by the release provision in the stipulated judgment. Plaintiff filed a cross-motion for summary judgment against those defenses. The trial court granted defendant's motion on the basis of the release provision. Plaintiff appeals from the ensuing judgment dismissing the action.

■■ The parties commendably have narrowed the issues on appeal to those that reasonably are subject to dispute. Defendant has abandoned the alternative basis for his summary judgment motion that the judgment dissolving the parties' marriage generally barred this action under the doctrine of claim preclusion.[1] Instead, defendant relies only on the defense that plaintiff's claim is barred by paragraph 16 of the stipulated judgment. Plaintiff, in turn, acknowledges that parties to an action may "elect to enter into a global settlement covering other issues." The only question for decision, then, is whether the parties intended, by paragraph 16, to enter into a general mutual release of claims that includes those asserted in this action.

■ In *Patterson v. American Medical Systems, Inc.*, 141 Or App 50, 53, 916 P2d 881, *rev den* 324 Or 229 (1996), we held:

> "A release is a contract and is subject to the ordinary rules of contract construction and interpretation. If the terms of the release unambiguously express the intent of the parties, it must be enforced accordingly. If they are ambiguous, then the trier of fact is to ascertain the intent of the parties and construe the contract consistently with

---

[1] Tort claims between spouses are not a proper subject for adjudication in an action for dissolution of marriage. *See Koch and Koch*, 58 Or App 252, 255, 648 P2d 406 (1982) (holding that in a dissolution action, a court has "no authority to award damages for injuries sustained by one spouse at the hands of the other"). Accordingly, a dissolution judgment does not, of itself, preclude a subsequent tort action by one spouse against the other arising from acts or omissions occurring during the marriage. *See Lee v. Mitchell*, 152 Or App 159, 166, 953 P2d 414 (1998) (stating that claim preclusion is not a bar to a claim that could not have been asserted in a prior proceeding).

their intent. An ambiguity exists in a contract if the contract is capable of more than one sensible and reasonable interpretation."[2] (Citations omitted.)

We further explained:

"Inherent in the purpose of a release agreement is a promise to abandon a claim or right that is within the contemplation of the parties. Before a release is valid, there must be both the knowledge of the existence of the claim and an intention to relinquish it, in the absence of a specific promise to release liability for unanticipated claims." *Id.* (citations omitted).

Plaintiff notes that there is no evidence in the record suggesting that, in negotiations leading to the settlement of the dissolution action, the parties specifically bargained for the release of her current claims. Plaintiff argues that the mere mention in her deposition testimony of the battery that led to the parties' separation does not evince an intent to settle that claim in this action. Therefore, plaintiff reasons, her tort claims against defendant are not covered by paragraph 16 of the stipulated judgment. At best, plaintiff asserts, the release provision is ambiguous, and the court must remand the action for trial so that the parties can present to the trier of fact extrinsic evidence of their intent.

Defendant responds that the plain language of the release provision covers plaintiff's current claims. Defendant also contends that plaintiff did not preserve any claim that the release provision is ambiguous and, thus, may not assert for the first time on appeal that summary judgment is inappropriate because a trier of fact must consider extrinsic evidence of the parties' intent.

To resolve the parties' dispute, we begin with the text of the release provision; more specifically, we focus on

---

[2] The fact that the release provision appears in a stipulated *judgment* does not alter the analysis. Provisions of a dissolution settlement agreement, once approved by the court and incorporated into a dissolution judgment, are interpreted by courts in accordance with principles of contract construction. *McDonnal and McDonnal,* 293 Or 772, 780, 652 P2d 1247 (1982). That is not to suggest, of course, that the agreement may be enforced by contractual remedies once it is merged into a judgment. *See Webber v. Olsen,* 330 Or 189, 196, 998 P2d 666 (2000) (holding that a party may not enforce a stipulated judgment by means of an action for breach of contract, but may enforce the judgment only).

the limiting phrase "arising out of or in any way connected with [the parties'] marriage to each other and its subsequent dissolution, including but not limited to all claims for property, support, suit money, attorney fees and costs." The foregoing phrase is preceded by a declaration that the parties released all claims "of whatsoever nature." In light of that language, defendant interprets the limiting phrase broadly to include the present tort claims within the umbrella of claims "in any way connected with" the marriage and its dissolution. As defendant sees it, the January 1997 altercation and the other alleged tortious conduct underlying this action are connected both with the marriage and its dissolution because, most prominently, they led to the dissolution.

Plaintiff sees things differently. She does not view the reference to the parties' marriage as relating to their personal relationship but, rather, to the legal status of their relationship and its attendant rights and obligations. Thus, although the concluding phrase of the release provision employs the broad language, "including but not limited to," it specifically lists the types of claims that usually are resolved in dissolving the legal relationship between married people, such as support, property division, and attorney fees. Conspicuously absent from that list are the types of claims involved here, namely, personal claims that *can* exist between spouses but *also* may arise from interaction between unmarried people.

Each party's interpretation of the release provision is plausible. Depending on one's point of view, the limiting clause reasonably could be interpreted either as including or excluding claims, such as plaintiff's here, that are not normal legal incidents of the marital relationship but nonetheless have arisen between married people. Both parties took the position before the trial court that the release provision unambiguously was consistent with their respective opposing interpretations.[3] Because the provision is ambiguous,

---

[3] Even though the parties have urged that the provision is unambiguous, the courts must determine independently whether that is so. *See McKee v. Gilbert*, 62 Or App 310, 320-21, 661 P2d 97 (1983) (where a disputed provision in a contract is ambiguous, the parties may not place an action in a posture for summary judgment merely by mistakenly characterizing the provision as unambiguous). That principle disposes of defendant's contention that plaintiff's alternative argument that the provision is ambiguous is unpreserved.

however, the trier of fact is to ascertain the intent of the parties and construe the provision accordingly. *OSEA v. Rainier School Dist. No. 13*, 311 Or 188, 808 P2d 83 (1991). It follows that the trial court erred in granting defendant's motion for summary judgment.[4]

Reversed and remanded.

---

[4] The summary judgment record contains no evidence of the parties' intent in agreeing to the release, presumably because each believed it to be unambiguous. When there is a failure of such evidence at trial, the court must apply canons of construction to resolve the ambiguity. *See Yogman v. Parrott*, 325 Or 358, 937 P2d 1019 (1997). We have suggested that it also may be appropriate to take that step on summary judgment. *See Zygar v. Johnson*, 169 Or App 638, 643, 10 P3d 326 (2000), *rev den* 331 Or 584 (2001); *Steele v. Mt. Hood Meadows Oregon, Ltd.*, 159 Or App 272, 280, 974 P2d 794, *rev den* 329 Or 10 (1999). In this case, neither party has asked us to do so, and the record does not contain sufficient information for us to be able to take that step with confidence. We therefore leave these matters for the trial court's consideration on remand.