Argued and submitted May 28, 2015, reversed and remanded June 8, 2016

BRANDON MAXFIELD,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12129824P; A154777

377 P3d 650

Dennis M. Balske argued the cause and filed the briefs for appellant.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Kathleen Cegla, Assistant Attorney General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

Petitioner appeals from a general judgment denying his petition for post-conviction relief on the ground that his trial counsel's performance at sentencing did not meet the requirements of Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. In particular, petitioner contends that his trial counsel performed deficiently by not presenting a mitigation case at sentencing that, in petitioner's view, could have led the trial court to impose a shorter sentence. The post-conviction court agreed with petitioner that his trial counsel performed deficiently at sentencing. However, the court denied relief—in its words, "somewhat reluctantly"—on the ground that the court was unable to conclude that petitioner was prejudiced by his trial counsel's deficient performance. Specifically, the court explained that to conclude that petitioner was prejudiced for purposes of Article I, section 11, and the Sixth Amendment, it would have to find "by a preponderance of the evidence" that the sentencing judge "would have" been affected by the mitigation case that the court had determined a competent lawyer would have made.

On appeal, petitioner assigns error to the post-conviction court's determination that he did not demonstrate that he was prejudiced by trial counsel's deficient performance. Petitioner argues that the post-conviction court applied a legally incorrect—and too demanding—standard in assessing prejudice. In a memorandum of additional authorities, petitioner calls our attention to the Supreme Court's decision in *Green v. Franke*, 357 Or 301, 350 P3d 188 (2015), decided after briefing and argument in this matter, and argues that *Green* confirms that the post-conviction court applied the incorrect legal standard in evaluating prejudice. For the reasons that follow, we agree with petitioner and, in accordance with *Green*, reverse and remand for the post-conviction court to evaluate petitioner's claim under the correct legal standard for prejudice. 357 Or at 323 (reversing and remanding where post-conviction court did not apply the correct legal standard in assessing prejudice).

Petitioner was convicted in a bench trial of nine counts of robbery—three counts of first-degree robbery and

six counts of second-degree robbery. The trial court sentenced him to a sum of 40 years' incarceration. It did so by imposing consecutive sentences on five of the counts.

Petitioner seeks post-conviction relief on the ground that he received inadequate and ineffective assistance of counsel at sentencing, in violation of his rights under Article I, section 11, and the Sixth Amendment. Specifically, he contends that, by failing to present a mitigation case at sentencing, his trial counsel performed below constitutional standards, and that his trial counsel's deficient performance prejudicially affected the trial court's sentencing decision. To prove this claim, petitioner introduced affidavits from friends and family members, and presented live testimony from a legal expert and a neuropsychological expert.

The post-conviction court was persuaded by petitioner's evidence that trial counsel performed deficiently by not presenting mitigation evidence at petitioner's sentencing. However, as noted, the court determined that petitioner had not persuaded it that the omitted mitigation evidence "would have had any effect on the decision that [the sentencing judge] made or the sentence that he rendered."

On appeal, petitioner argues that the post-conviction court's explanation of its ruling illustrates that the court erroneously required petitioner to prove that it was more likely than not that the omitted mitigation evidence would have affected the court's sentencing decision. Petitioner argues that state and federal case law, including *Green,* establishes that a lower standard than that applied by the post-conviction court governs the determination of prejudice.

In response, defendant does not challenge the post-conviction court's ruling that trial counsel performed deficiently. Defendant also does not appear to dispute that the legal standard for prejudice advocated by petitioner is the correct one. Rather, defendant argues that petitioner failed to preserve his contention that the post-conviction court applied the incorrect legal standard in determining prejudice. Although defendant acknowledges that petitioner's written arguments alerted the post-conviction court to the correct legal standard, defendant argues that, to preserve

his claim, petitioner should have objected when the court's oral ruling revealed that the court was applying an incorrect legal standard. Alternatively, defendant argues that the post-conviction court, in fact, applied the proper legal standard and correctly determined that petitioner did not establish that he was prejudiced by trial counsel's deficient performance.

We reject defendant's preservation argument. As the Supreme Court has explained, for preservation purposes, a party ordinarily need not reiterate orally the arguments that it has made in writing, and also need not renew those arguments after the court has made its ruling. *State v. Walker*, 350 Or 540, 549-50, 258 P3d 1228 (2011). Rather, the question "is whether a party provides sufficient information to enable opposing parties to meet an objection and the trial court to avoid error." We are persuaded that petitioner did so here by citing the post-conviction court to the state and federal case law establishing the legal standard for prejudice on a claim of inadequate or ineffective assistance of counsel.

On the merits, it is apparent to us from the post-conviction court's statements on the record that the court was of the view that, to prove the prejudice element of an inadequate or ineffective assistance of counsel claim, petitioner was required to prove that it was more likely than not that, but for trial counsel's deficiency, the outcome of petitioner's sentencing proceeding *would* have been different. The post-conviction court's explanation of its ruling demonstrates that that is how the court understood the standard:

> "[The Court:] Now would this evidence that I heard today have affected [the sentencing judge]? I can't be 100% certain, but I don't need to be; I need to be persuaded by a preponderance of the evidence that it would have and I can't—I can't make that finding today.
>
> "I cannot make—given—I read the sentencing transcript over very carefully yesterday afternoon; I read it before the first hearing; and I can't find that even if everything you presented today had been presented to [the sentencing judge] it would have had any effect on the decision that he made or the sentence that he rendered.

"For that reason and I will quite candidly say, somewhat reluctantly, I am compelled to deny the petition for post-conviction relief."

*Green* makes clear that the post-conviction court applied an incorrect legal standard in deciding prejudice for purposes of petitioner's Article I, section 11, claim. In *Green*, the Supreme Court addressed the standard for prejudice on claims of inadequate assistance under Article I, section 11. The court explained that the standard for assessing whether trial counsel's deficient performance prejudiced a petitioner who was convicted pursuant to a trial is whether the deficient performance *could* have affected the outcome of the case. *Green*, 357 Or at 321-23. That standard does not require a petitioner to prove that the factfinder *would* have reached a different outcome, but for counsel's errors. *Id.* Rather, the "standard demands more than a mere possibility, but less than a probability" that trial counsel's deficiencies affected the outcome of the case. *Id.* at 322. Although *Green* articulated the standard for prejudice on a claim for inadequate assistance of counsel in a jury trial, we see no reason why the standard would be different in the context of a bench trial.[1] In that regard, we take a cue from the United States Supreme Court, which has explained that the prejudice inquiry on a claim for ineffective assistance of counsel under the Sixth Amendment "should not depend on the idiosyncrasies of the particular decisionmaker." *Strickland v. Washington*, 466 US 668, 695, 104 S Ct 2052, 80 L Ed 2d 674 (1984). In other words, as we understand it, the legal standard for prejudice under either constitution does not depend on who the particular decisionmaker was in the petitioner's criminal case, be it judge or jury.

*Strickland* makes it equally clear that the post-conviction court applied the wrong legal standard in assessing prejudice for purposes of petitioner's Sixth Amendment claim. 466 US at 693. There, the Supreme Court explained

[1] By contrast, as *Green* explains, "where the prejudice inquiry focuses on a different type of outcome, for example, whether in the absence of inadequate assistance of counsel the petitioner would have entered a guilty plea," a petitioner typically must prove that, but for trial counsel's error, the petitioner *would* have rejected a plea deal and *would* have insisted on going to trial. *Green*, 357 Or at 323 n 13.

that a petitioner "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* Rather, a petitioner need show only a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In sum, we are persuaded that the post-conviction court erroneously required petitioner to prove that it was more likely than not that he *would* have received a different sentence but for his trial counsel's unprofessional errors. That standard was incorrect under both *Green* and *Strickland*. For that reason, we reverse and remand for the post-conviction court to evaluate prejudice under the legally correct standard. *See Green*, 357 Or at 323 (remanding when post-conviction court applied an incorrect legal standard to decide prejudice; stating that it would be "inappropriate" to affirm under such circumstances).

Reversed and remanded.