DEVORE, P. J.
*645 This case concerns the interpretation of a provision in a stipulated judgment of dissolution of marriage. The trial court agreed with husband that a provision in the dissolution judgment that he pay wife $50,000 was conditioned upon his sale of the marital residence in the ordinary course and that his loss of the property in foreclosure relieved him of any obligation to pay wife. The trial court entered a supplemental judgment that deemed that provision of the judgment to have been satisfied and that sustained husband's objection to wife's attempt to garnish other funds. Wife appeals, arguing, among other things, that the trial court erred in construing the $50,000 provision in the dissolution judgment. On that point, we agree with wife. Therefore, we reverse and remand.
The relevant facts, on which the decision turned, are undisputed. Husband and wife were married 11 years. They did not have children. The parties separated in 2008, and husband initiated dissolution proceedings that same year. Wife was unrepresented. The parties agreed on the terms of a stipulated judgment that was drafted by husband's counsel. Among the preliminary provisions, the judgment recites, "Husband and Wife acknowledge that the disposition of their property, whether or not equal, is just and proper considering all circumstances."
*339 The operative provisions of the judgment were divided into titled sections. The section titled "Spousal Support" provided wife support of $1,000 per month for 32 months. The section titled "Personal Property Division" distributed three businesses to husband and distributed other accounts and personal property to one or the other spouse. A section titled "Real Property" distributed to wife one property with a residence, while requiring husband to pay its mortgage. The judgment distributed to husband four properties, including the "Elk Haven" property, which had been the marital residence.
Following those sections, the judgment included, among others, sections titled "Property Settlement," "Debt Allocation," and "Taxes."
*646 The parties' dispute centers on one of those separate sections, "Property Settlement," which follows the distribution of personal and real property. In its entirety, it provides:
"Husband shall pay to Wife $50,000 upon the sale of 141860 Elk Haven Way, Crescent Lake, Oregon. Wife shall execute a satisfaction recognizing receipt of such payment."
As a consequence of that provision, the dissolution judgment contains a summary titled "Money Award" that restates the terms in the "Property Settlement" provision. The "Money Award Amount" specifies that "[h]usband shall pay to Wife $50,000 upon the sale of 141860 Elk Haven Way, Crescent Lake, Oregon." After the parties signed the stipulated judgment, the court approved and entered judgment on November 26, 2008.
About six months later, husband defaulted on the debt on the Elk Haven property, and, in March 2014, a lender obtained a judgment of judicial foreclosure of the trust deed. In May 2014, the court issued a writ of execution to the sheriff to sell the property, and, in July 2014, the lender bid its debt to purchase the property in the sheriff's sale.
In March 2015, wife issued a writ of garnishment directed against funds held by husband's attorneys in order to collect the $50,000 sum described by the dissolution judgment. Husband challenged the garnishment. He argued that his obligation to pay $50,000 was entirely conditioned upon the sale of the Elk Haven property, which the parties assumed, at the time, would raise significant funds. He argued that his obligation was relieved because the foreclosure did not qualify as a "sale." Seeking various forms of relief, husband urged the court to deny the garnishment, declare the judgment debt satisfied, and set aside the "Property Settlement" provision in the dissolution judgment. Wife argued that the "Property Settlement" provision required that husband pay her $50,000 as an equalizing judgment, payable upon the "sale" of the Elk Haven property. She argued that the foreclosure sale qualified as a "sale" and triggered husband's obligation to pay.
After a hearing, the trial court issued a letter opinion that identified as dispositive the interpretation of the *647 disputed provision in the dissolution judgment. The court indicated that, ordinarily, it would take testimony and receive other extrinsic evidence of the parties' intent, but that counsel had assured the court at its hearing that no such evidence existed. Looking to the terms of the judgment itself, the court noted that there were no details directing the timing or method of sale of the property or describing the effect of no sale or a foreclosure. In the court's view, the lack of such details supported husband's contention that his obligation was entirely contingent on his sale of the property and at a profit. The court added that, if the parties had intended the $50,000 obligation to be an equalizing judgment, wife would have sooner sought payment. The court determined that the dissolution judgment should be construed to provide that husband would pay $50,000 only if he had been able to sell the Elk Haven property himself at a profit. The court concluded that the foreclosure was not a "sale" within the meaning of the judgment. The court entered a supplemental judgment granting husband's challenge to the writ of garnishment, declaring that funds held by husband's attorneys were not garnishable, and granting husband's claim of exemption. The supplemental judgment declared that the underlying $50,000 obligation was conditioned on the sale of the Elk Haven *340 property, that no sale occurred, and that husband was relieved of that obligation. The supplemental judgment declared that the "Property Settlement" provision of the dissolution judgment was vacated, set aside, of no further force and effect, and deemed satisfied. Finally, the supplemental judgment declared that the lien, effected by the dissolution judgment, was discharged and the money award deemed satisfied.
Wife appeals from the supplemental judgment, challenging the trial court's interpretation of the dissolution judgment. She reiterates that the dissolution judgment is an equalizing judgment, and that the "Property Settlement" provision requires husband to pay her $50,000 upon the sale of the Elk Haven property, no matter who sells the property or whether any profits result from the sale. At least for purposes of that judgment, she contends that there is no difference between a sheriff's sale and an ordinary sale.
*648 Husband argues that the dissolution judgment does not contain an equalizing judgment and instead contains a provision for payment of $50,000 to wife only in the event that husband sold the marital residence at some profit. At oral argument, husband conceded that he would owe the whole sum if any profit were realized, regardless how small. Even so, husband insisted that the parties did not contemplate a foreclosure sale when they agreed to the money sum in the dissolution judgment. For those reasons, husband concludes that the court did not err in granting relief to husband.
To resolve the parties' dispute, we must interpret the property settlement provisions of the stipulated judgment. Provisions of a stipulated dissolution agreement, although approved by the court and incorporated into a dissolution judgment, are interpreted in accordance with principles of contract construction. McDonnal and McDonnal , 293 Or. 772, 780, 652 P.2d 1247 (1982) (explaining that "in construing the effect of property settlement agreements, as with any contract, the inquiry is directed to the ascertainment of the intent of the parties" (internal quotation marks omitted) ); Gaber v. Gaber , 176 Or. App. 612, 616 n. 2, 32 P.3d 921 (2001) (same). To construe the property settlement provision at issue in this case, we consider the intent of the parties, the circumstances under which it was made, and the entire instrument. Waterman v. Armstrong , 291 Or. 551, 558, 633 P.2d 774 (1981). In construing the dissolution judgment, our approach is to understand that the property division was designed to have been crafted so as to be "just and proper in all the circumstances." ORS 107.105(1)(f) ; see Denton and Denton , 326 Or. 236, 246, 951 P.2d 693 (1998) (reciting goal of property division). In reviewing the trial court's interpretation of the dissolution judgment, we review for legal error. See Hadley v. Extreme Technologies, Inc. , 272 Or. App. 49, 63, 355 P.3d 132, rev. den. , 358 Or. 449, 366 P.3d 719 (2015) (reviewing trial court's interpretation of contract provision for legal error).
After reviewing the terms of the dissolution judgment, we conclude that the provision for husband's payment of the $50,000 served as an equalizing payment within the context of the overall property division. Several observations, particular to this agreement, lead to our conclusion.
*649 First, the payment provision appeared in a "Property Settlement" section that followed after the "Real Property" section that distributed all the parties' real properties. As such, the payment provision appears as a money provision to compensate for wife's receipt of one parcel (of which husband remains responsible for its mortgage) and husband's receipt of four properties and three businesses. Second, the payment provision is titled "Property Settlement." Those words, "Property Settlement," reasonably imply that it is a "settlement" of the larger scheme of property distribution. Third, the choice of words within the payment provision is revealing. The provision does not provide that husband shall pay wife "half" or "all" of the proceeds of a sale of the property. A provision that would be limited to division of some or all of the equity of a property would include such terms. Such terms would make such sums contingent or dependent upon successful recovery of equity. Here, however, the provision requires that "[h]usband shall *341 pay to [w]ife $50,000 upon the sale of [the Elk Haven property]." The payment provision makes reference to a fixed dollar amount, not a portion of proceeds after a sale.
Apart from the parties' terms, a general observation reinforces our conclusion. That is, the guiding principle of ORS 107.105(1)(f) instructs that the court shall make a property division that is just and proper in all the circumstances. The court would do so in crafting a dissolution judgment itself or when reviewing a proposed stipulated judgment of dissolution crafted by the parties. See Haggerty and Haggerty , 280 Or. App. 733, 749, 380 P.3d 1176, adh'd to on recons. , 283 Or. App. 200, 391 P.3d 982 (2016), rev. den. , 361 Or. 645, 398 P.3d 44 (2017) (court determines whether settlement agreement is within the range of agreements that are just and proper). An agreement proposed by the parties and accepted by the court would now be assumed to be within the range of that which was just and proper, and, whether or not fully appreciated by the parties, a payment provision titled "Property Settlement" would today be understood to play a role in the overall scheme that makes the property division just and proper. Thus, even if parties had hoped to fund an equalizing payment from the sale of a particular asset, the larger legal effect of a payment provision, done in contemplation of *650 the overall property settlement, is still an equalizing payment to compensate a recipient spouse. For those reasons, we agree with wife that the "Property Settlement" section provided a $50,000 equalizing payment.
That conclusion does not resolve husband's contention that his obligation could not have been triggered by a sheriff's sale. Although husband insisted that the parties could only have contemplated a sale by owner "in the ordinary course," the language of the dissolution judgment does not include any terms that purport to restrict a "sale" to a sale by husband or one in the ordinary course of affairs. As the trial court intuited, there is likely little doubt that the parties, in reaching a settlement, contemplated their circumstances in optimistic terms. Nevertheless, the provision for payment "upon the sale" of the Elk Haven property did not depend upon optimistic circumstances. A sheriff's sale of the subject property is no less a sale than a sale by husband. Husband has not offered any persuasive authority for his contrary position. And, if the provision were triggered only if husband sold, and sold at a profit, then the provision would be a nullity and wife would be deprived an equalizing payment if husband simply gave the property to a relative. In context, "sale" must be understood to mean a conveyance of any sort. For those reasons, we conclude that the equalizing payment was triggered by any sale, including the sheriff's sale.
In short, the trial court erred in deeming the obligation of the dissolution judgment to be satisfied and sustaining husband's objections to the writ of garnishment.
Reversed and remanded.