***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted November 3, 2022, affirmed January 5, 2023

In the Matter of

Mariah YOUNG,
*Petitioner-Respondent,*
*and*

Jamie Ray PLAYER,
*Respondent-Appellant.*

Yamhill County Circuit Court
20DR19571; A178576

Jennifer K. Chapman, Judge.

Jamie Ray Player filed the brief *pro se*.

No appearance by respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Father appeals from a stipulated general judgment that established custody, parenting time, and child support with respect to the parties' child, assigning error to the trial court's decision to enter and enforce the judgment. We understand father's *pro se* argument to assert that he did not consent to the stipulated judgment because he signed it under duress. As explained below, we reject that argument and affirm.

Although mother has waived appearance, we have an independent duty to determine whether our court has jurisdiction over an appeal. *Rauda v. Oregon Roses, Inc.*, 329 Or 265, 268, 986 P2d 1157 (1999). By statute, a party to a stipulated judgment may take an appeal only if "[t]he judgment specifically provides that the party has reserved the right to appellate review of a ruling of the trial court in the cause; and *** [t]he appeal presents a justiciable controversy." ORS 19.245(3). However, we have recognized two other exceptions to that general rule prohibiting an appeal from a stipulated judgment. First, a party may assert on appeal that the terms of a stipulated judgment are inconsistent with the actual underlying stipulation. *Varde v. Run! Day Camp for Dogs, LLC*, 309 Or App 387, 391, 482 P3d 795 (2021). Second, a party may challenge the validity of a stipulated judgment on appeal on the ground that they did not actually consent to it. *Id.*; *see also Brown and Shiban*, 155 Or App 238, 242-43, 963 P2d 105 (1998), *rev den*, 328 Or 594 (1999) (whether wife's attorney's threats of legal action constituted duress that vitiated husband's consent was issue that could "properly be raised by husband on direct appeal of the stipulated judgment"). Thus, because we understand father to contend that his consent to the stipulation was vitiated by duress, we conclude that we have jurisdiction over this particular appeal.

Father does not seek *de novo* review, and we decline to exercise such review here. *See* ORS 19.415(3)(b) (Court of Appeals has discretion to review *de novo* in equitable actions); ORAP 5.40(8)(c) ("The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or more factual findings anew on the record

only in exceptional cases."). Accordingly, we view the facts consistently with the trial court's express and implied findings, if any, and as supplemented by uncontroverted information from the record. *Haggerty and Haggerty*, 261 Or App 159, 161, 322 P3d 1101 (2014). We review for legal error—specifically, to consider whether the trial court erred as a matter of law in entering and enforcing the judgment over father's claim that his consent to the settlement was vitiated by duress. *See Haggerty and Haggerty*, 280 Or App 733, 747, 380 P3d 1176, *adh'd to as modified on recons*, 283 Or App 200, 391 P3d 982 (2016), *rev den*, 361 Or 645 (2017) (conducting legal-error review of similar argument).

We conclude that the settlement was valid in this case because father did not establish duress. Duress may vitiate a party's apparent assent to a settlement if that consent is the result of "any wrongful act or threat thereof" that "actually compels" the party, "against his will," to agree to the settlement. *Jones v. Jones*, 276 Or 1125, 1128, 557 P2d 239 (1976). Here, father contends that he was pressured into agreeing to a settlement by his attorney. Although his arguments are not completely clear to us, he contends that allegations against him in the custody proceeding were false, and argued in the trial court that he had objected to certain specific terms in the settlement agreement, that his attorney had warned him that his legal situation would be worse if he did not agree, and that he had "no option to say no." However, father also admitted to signing the settlement agreement near the end of a five-hour settlement conference at mother's attorney's offices. Father was represented by counsel during that conference. Having reviewed the record in full, we see no evidence that father was subject to a wrongful act or threat that compelled him to assent to the settlement agreement. Thus, the trial court did not err in enforcing the settlement agreement and entering the stipulated judgment.

Affirmed.