***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 5, affirmed February 1, petition for review denied April 20,
2023 (371 Or 21)

COLIN CARTER,
aka Colin Thomas Carter,
*Petitioner-Appellant,*

*v.*

Josh HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV42813; A176193

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

After a bench trial, petitioner was convicted of two counts of first-degree rape, and one count of each of first-degree sexual abuse, first-degree sodomy, and first-degree unlawful sexual penetration. Petitioner appeals a general judgment granting in part and denying in part his amended petition for post-conviction relief.[1] His amended petition alleged that trial counsel rendered inadequate assistance under Article I, section 11, of the Oregon Constitution, and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution. On appeal, petitioner raises two assignments of error. We affirm.

In his first assignment of error, petitioner contends that the "post-conviction court erred in dismissing [the claims contained in paragraphs 10(B)(3) and 10(B)(4) of the amended petition] on summary judgment." The state responds that we "lack jurisdiction to consider petitioner's claim of error," because petitioner failed to file a timely notice of appeal from the limited judgment dismissing the claims contained in paragraphs 10(B)(3) and 10(B)(4) of the amended petition.

We agree with the state that we cannot reach petitioner's first assignment of error: Petitioner failed to timely appeal the limited judgment dismissing the claims contained in paragraphs 10(B)(3) and 10(B)(4) of his amended petition and, instead, timely appealed only the general judgment. *See Interstate Roofing, Inc. v. Springville Corp.*, 347 Or 144, 163, 218 P3d 113 (2009) ("Because the limited judgment finally resolved all three of the claims that it addressed, and because defendant did not timely appeal the limited judgment, the Court of Appeals should have granted plaintiff's motion to dismiss the appeal as to those claims."); *Phillips v. State Farm Fire and Casualty Co.*, 302 Or App 500, 503, 461 P3d 1008 (2020) ("A limited judgment entered in compliance

---

[1] The post-conviction court granted petitioner relief on his claim that "his trial attorney failed to exercise reasonable professional skill and judgment in failing to ensure that a notice of appeal was filed" and that "his trial attorney failed to exercise reasonable professional skill and judgment in failing to object to the imposition of 20 years of post-prison supervision and that he was prejudiced thereby."

with ORCP 67 B is an appealable judgment, and the notice of appeal must be filed within 30 days of its entry.").

In his second assignment of error, petitioner contends that the "post-conviction court erred when it denied relief on petitioner's first claim of ineffective assistance of counsel." Petitioner's first claim asserted that petitioner's trial counsel was inadequate and ineffective for failing "to object, or otherwise preserve for appeal, the State questioning Petitioner about convictions that did not conform with OEC 609."

OEC 609 allows a party to impeach a witness by eliciting testimony that the witness was previously convicted of certain crimes but excludes prior convictions where more "than 15 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." In this case, during petitioner's trial, testimony about three prior convictions was elicited from petitioner and properly admissible as impeachment evidence under OEC 609—*viz.*, a conviction for attempted sexual abuse in the first degree, a conviction for failure to register as a sex offender, and a conviction for possession of a controlled substance. Testimony about several other convictions—which were not properly admissible under OEC 609, because they did not occur within the 15 years prior to trial—was also elicited from petitioner, and petitioner's trial counsel failed to object to the state asking petitioner about those convictions—*viz.*, a conviction for unauthorized use of a motor vehicle, a conviction for felon in possession of a weapon, a conviction for fourth-degree assault, and two additional convictions for possession of methamphetamine.

The post-conviction court denied petitioner's request for relief, concluding that, although petitioner's trial counsel was deficient in failing to object "to the mention of the convictions beyond the 15-year limit," petitioner "did not prove prejudice."

On appeal, petitioner argues that the post-conviction court erred in determining that he had failed to meet his burden of proving prejudice, because witness credibility was "central to [this] case"—insofar as petitioner testified that

his sexual contact with the victim was consensual, and the victim testified that the sexual contact was not consensual—and in those circumstances, according to petitioner, "*any* error in failing to make a meritorious objection to evidence that impacted the factfinder's assessment of credibility could have affected the outcome of the proceeding." (Emphasis in petitioner's brief.) As petitioner sees it, "without an express statement that it was ignoring the inadmissible evidence, the presumption should be that the court considered it in reaching a verdict."

Under Article, I, section 11, the standard for assessing whether trial counsel's deficient performance prejudiced a petitioner who was convicted pursuant to a trial is "whether the deficient performance *could* have affected the outcome of the case." *Maxfield v. Nooth*, 278 Or App 684, 688, 377 P3d 650 (2016) (emphasis in original). That standard "demands more than a mere possibility, but less than a probability that trial counsel's deficiencies affected the outcome of the case." *Id.* (internal quotation marks omitted). Under the Sixth Amendment, a petitioner need show only a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 689 (internal quotation marks omitted). A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted).

We conclude that the trial court did not err. To be sure, petitioner's counsel failed to object to testimony about several of petitioner's prior convictions and should have done so. But, as noted, testimony about three of petitioner's other prior convictions was elicited from petitioner during his trial, each of which the trial court was permitted to consider in assessing petitioner's credibility. In the circumstances of this case, we see no basis to conclude that there is "more than a mere possibility" that, in assessing the credibility of petitioner, the trial court would have reached a different conclusion if it had known only about petitioner's convictions for attempted sexual abuse in the first degree, failure to register as a sex offender, and possession of a controlled substance—which were admissible—but not known about petitioner's other, inadmissible, convictions. *See State*

*v. Whitmore*, 257 Or App 664, 672-73, 307 P3d 552 (2013) (evaluating harmlessness of evidentiary error involves "consider[ing], specifically, whether the finder of fact would have regarded the evidence as duplicative, cumulative, or unhelpful in its deliberations" along with "the importance of the erroneously admitted evidence to the party's theory of the case"). Put another way, it is unclear how, having been impeached with evidence of convictions for attempted sexual abuse in the first degree, failure to register as a sex offender, and possession of a controlled substance, evidence of petitioner's other convictions would have meaningfully further discredited petitioner. *See Tiner v. Premo*, 284 Or App 59, 74, 391 P3d 816, *rev den*, 361 Or 886 (2017) (concluding that there was "no reasonable probability that *** the result of the proceeding would have been different" if additional impeachment material had been presented, because witnesses had already "been significantly impeached" during the petitioner's trial and the "allegedly withheld evidence would have been cumulative of other evidence of bias and would not have enabled counsel to further discredit either witness"); *see also Boswell v. State of Oregon*, 305 Or App 515, 522, 469 P3d 846, *rev den*, 367 Or 387 (2020) (holding that there was no prejudice where "additional evidence of bias would not have had a tendency to affect the outcome of petitioner's trial").

Moreover, we observe that, during petitioner's sentencing, the trial court commented on petitioner's veracity during trial with reference to the charge of attempted sexual abuse in the first-degree, noting that, when petitioner was testifying about his conduct in relation to that charge, petitioner was asked about, but did not admit to, "the crucial element" of that charge—*viz*., "the request for touching" petitioner made to the victim. In contrast, the trial court did not reference any of petitioner's inadmissible convictions.

In advancing his position that, in a case where credibility is a central issue, "without an express statement that it was ignoring the inadmissible evidence, the presumption should be that the [trial] court considered [the inadmissible evidence] in reaching a verdict," petitioner cites *State v. Marrington*, 335 Or 555, 73 P3d 911 (2003). But *Marrington* recognized the principle that, "in determining whether an

evidentiary error requires reversal, an appellate court must assess the impact of the error on the outcome of the case." *Id.* at 564. Having done so, we conclude that the trial court did not err in concluding that petitioner failed to establish prejudice as to his first claim of ineffective assistance of counsel. Consequently, we affirm.

Affirmed.