On respondent's petition for reconsideration filed November 10, and appellant's response to respondent's petition for reconsideration filed November 24, 2008, reconsideration allowed; former opinion (222 Or App 423, 193 P3d 1046) adhered to January 14, petition for review denied June 4, 2009 (346 Or 258)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GORDON S. SEWELL,
*Defendant-Appellant.*

Sherman County Circuit Court
050036CM; A133727

201 P3d 918

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, for petition.

Erica Herb, Deputy Public Defender, for response.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

The state petitions for reconsideration of our decision in *State v. Sewell*, 222 Or App 423, 193 P3d 1046 (2008). In our original opinion, we agreed with the state and accepted its concession that the trial court had erred in failing to engage in the four-step analysis of the admissibility of evidence under OEC 403, as described in *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987).[1] We then rejected the state's argument that the trial court's error was harmless. *Sewell*, 222 Or App at 430. We concluded with the following disposition: "Reversed and remanded." For the first time on reconsideration, the state asserts that a different disposition is required. For the reasons explained below, we allow the petition and adhere to our previous disposition.

In its petition, the state argues:

"The failure of the trial court to engage in [OEC 403] balancing is a procedural error, not a substantive one. This is so because the substantive decision—whether the evidence was more probative than prejudicial—can be made only after the proper procedure is followed. Under these circumstances, the appropriate disposition is to remand to the trial court not for a new trial, but to allow the trial court to engage in the balancing required by *Mayfield*. * * *

"If, following that balancing, the trial court determines that it should have excluded the evidence, that court should allow a new trial. Otherwise, it should reinstate the conviction."

The state mischaracterizes our disposition in the original opinion. As noted above, we reversed defendant's convictions and remanded to the trial court; we did not state that the trial court should grant a new trial. Nor did we suggest that the trial court would be precluded from engaging in exactly the procedure that the state now proposes. Indeed, when this court reverses and remands, we assume that the trial court, with the parties' guidance, will follow whatever procedure is appropriate in light of the reason for the remand. For example, in *State v. Hardman*, 196 Or App 522,

---

[1] OEC 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

102 P3d 722 (2004), we reversed and remanded because of an evidentiary error. There, as here, our disposition read, "Reversed and remanded." In a footnote, however, we explained that, "because our disposition requires a remand, we leave it to the parties and the trial court to determine and engage in the appropriate analysis on remand." *Id*. at 533 n 7. In short, in the absence of more specific instructions on remand, when we reverse and remand, we leave it to the trial court to determine and apply the appropriate procedure and analysis on remand.

Reconsideration allowed; former opinion adhered to.