Submitted June 28, 2011, affirmed February 29, petition for review denied June 28, 2012 (352 Or 170)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARIEL JOEL JASSO,
*Defendant-Appellant.*

Washington County Circuit Court
C090433CR; A143128

273 P3d 309

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Justice J. Rillera, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant was found guilty after a jury trial of two counts of robbery in the second degree, ORS 164.405, and one count of burglary in the first degree, ORS 164.225. At trial, the state sought to admit into evidence a drawing of a robbery that was found in defendant's backpack. Defendant contended that the probative value of the evidence was substantially outweighed by its prejudice under OEC 403. The court concluded that the evidence was relevant and was admissible under OEC 404(4) as "evidence of other crimes, wrongs or acts," and declined to engage in OEC 403 balancing. On appeal, defendant contends that the trial court erred in not engaging in balancing under OEC 403, because it was constitutionally required. We conclude that defendant did not preserve his constitutional argument, and we therefore do not address it and affirm.

It is undisputed that defendant participated in a robbery with three other men while they were all wearing face masks, hooded sweatshirts, and bandanas. One of the men held what the victim believed to be a real gun[1] to the victim's head and demanded money, bongs, and marijuana. The victim gave the men $800 in cash, and the men also took a pipe, hats, bongs, belts, and a video game controller. The four men left and divided the cash; defendant received $200 as his share.

When the car in which the men were riding was stopped for a traffic infraction, the men fled on foot. A search of the trunk turned up a backpack. Inside the backpack were items belonging to defendant, including a school paper. On the paper was a drawing of a masked man pointing a gun at a woman and saying, "Gimme tha jewlery bitch":

---

[1] The gun was an Airsoft submachine gun. Airsoft guns are replica firearms that propel plastic pellets.

Other participants in the burglary implicated defendant, and he was charged with burglary and robbery. The state sought to introduce the drawing into evidence, and defendant objected:

> "What I would direct the Court to look at is in the middle drawing the—cartoon or doodle here. We would object, on the grounds that under 403; it is more prejudicial than probative. * * * I do object to the jury see[ing] that drawing. You know, there's the prejudice aspect aside, I also don't think that there's any—I think an assumption could be drawn that [defendant] didn't actually draw that."

The state argued that the evidence was relevant and admissible under OEC 404(4) ("other crimes, wrongs or acts by the defendant")[2] and that the court was not required to engage in balancing under OEC 403.

The trial court noted that it appeared from the requested jury instructions that defendant's defense would be that he was present at the robbery but did not participate. The court ruled that the drawing was relevant to show that defendant's involvement was greater than simply being present at the time of the robbery, and "the balancing test is not the issue that we have." The drawing was admitted over defendant's objection.

On appeal, defendant argues only that the trial court erred in admitting the drawing without considering whether its probative value was substantially outweighed by the danger of unfair prejudice. We review the trial court's ruling for legal error. *State v. Sewell*, 222 Or App 423, 428, 193 P3d 1046 (2008), *adh'd to on recons*, 225 Or App 296, 201 P3d 918, *rev den*, 346 Or 258 (2009).

---

[2] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) ORS 40.180, 40.185, 40.190, 40.195, 40.200, 40.250, 40.210 and to the extent required by the United States Constitution or the Oregon Constitution, ORS 40.160;

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

Only relevant evidence is admissible at trial. OEC 402; *State v. Mayfield*, 302 Or 631, 644, 733 P2d 438 (1987). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. Even though evidence may be relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" OEC 403.

However, as we have held in several cases, in the absence of due process considerations, no OEC 403 balancing is required in the context of relevant evidence admissible under OEC 404(4). *See, e.g.*, *State v. Wyant*, 217 Or App 199, 204, 175 P3d 988 (2007), *rev den*, 344 Or 558 (2008) ("OEC 404(4) * * * does not permit * * * balancing under OEC 403, unless it is required by due process considerations."). In *State v. Moore/Coen,* 349 Or 371, 389, 245 P3d 101 (2010), the Supreme Court held that OEC 404(4) is not unconstitutional, because the text itself prohibits the introduction of evidence that would violate the state and federal constitutional standards. Defendant contends that a weighing of the probative value of the drawing against its unfair prejudice was required by the Due Process Clause of the United States Constitution. However, defendant did not preserve that constitutional argument below, and we therefore decline to address it. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (a party must "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted").[3]

Affirmed.

---

[3] In *Moore/Coen*, the court noted that it was not error for the trial court to consider a defendant's argument that admission of evidence is unfairly prejudicial to the degree that its admission would violate the state and federal constitutions. 349 Or at 392 n 12.