Argued and submitted January 19, reversed and remanded August 15, 2012

EARL ALLEN, III,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent, Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
00C14551; A145367

284 P3d 1199

Erin Galli argued the cause for appellant. With her on the brief was Chilton & Galli, LLC.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Haselton, Chief Judge.*

SCHUMAN, P. J.

---

* Haselton, C. J., *vice* Gillette, S. J.

## SCHUMAN, P. J.

Petitioner appeals a judgment denying his petition for post-conviction relief, arguing that the post-conviction court erred in denying his motion for leave to file a fourth amended petition. According to petitioner, the post-conviction court erroneously believed that our earlier remand of this case, *Allen v. Palmateer*, 219 Or App 221, 182 P3d 255 (2008) (*Allen I*), precluded the court from exercising its discretion to allow or deny petitioner's motion. Petitioner also challenges the denial of his claim for inadequate assistance of appellate counsel, and he challenges the court's imposition of a departure sentence. Because we agree with petitioner's first argument, we reverse and remand for a new post-conviction trial without reaching his remaining assignments of error.

The facts relevant to our disposition are procedural. Petitioner was convicted of first-degree robbery, second-degree kidnapping, fourth-degree assault, first-degree burglary, and felon in possession of a firearm. At petitioner's first post-conviction trial, based on his third amended petition, the court denied his request to make a statement or to testify and denied relief on all of petitioner's claims. Petitioner appealed, and, in *Allen I*, we issued a one page per curiam decision, agreeing with petitioner that the post-conviction court erred in denying him an opportunity to testify or to make an offer of proof about his proposed testimony in support of his claims for relief. 219 Or App at 222. The last substantive sentence of our opinion stated that "we must reverse the judgment and remand the case for a new post-conviction trial." *Id.* The tagline was "Reversed and remanded." *Id.*

On remand, petitioner moved for leave to file a fourth amended petition, seeking to federalize existing state law claims in his third amended petition and to add new claims. The state[1] opposed the motion, arguing that the new petition would be a successive petition under ORS 138.550(3) and that the new claims would be time barred under ORS 138.510(3). At the hearing, the state also argued

---

[1] Defendant is the superintendent of the Oregon State Penitentiary. For clarity, we refer to defendant in these post-conviction proceedings as "the state."

that the case "came back on a very limited basis just for petitioner to testify or to make a statement in support of the claims raised [in his] third amended petition." The court agreed with the state, ruling:

> "The court's view on this is as follows: I would agree with [the state] that the fourth amended petition could be filed if this case had been completely remanded. In other words, if the Court of Appeals had essentially thrown out the previous trial and said this matter has to be completely retried for whatever reasons they would have found, then it would seem to me that the filing of a fourth amended petition, even if it would be considered as [a] successive petition, might be allowed.

> "That's not the posture of this case. The Court of Appeals decision was very clear that they found no errors committed by the trial court. * * * But that the error that was committed was one of omission in not allowing [petitioner] to testify or make an unsworn statement, which I had every intention of allowing him to do once this matter is retried on that limited basis only.

> "And therefore, I do find that the request to file a fourth amended petition is a successive petition. It is again—if matters should have been raised at the original trial, then they should have been raised and they were not by the petitioner. * * * But I do find that for the reasons set forth in the objections that the petitioner's request to file a fourth amended petition for post-conviction relief is denied."

The court's order stated that "petitioner is barred from filing a fourth amended petition," reasoning, "The Oregon Court of Appeals remanded this matter for a limited purpose: to allow petitioner to testify in support of his Third Amended Petition."

Subsequently, at the new post-conviction trial, petitioner testified and renewed his objection to the court's decision to deny his fourth amended petition. In response, the court stated, "So your interpretation on a new trial would be a new trial from the very beginning as if the petition— if you were able to file what would be in effect a fourth amended petition." Additionally, the court stated, "I want to make clear on the record that I did in fact deny the motion to file a fourth amended petition. I did not believe that was

within the scope of the remand." The court ultimately denied petitioner's third amended petition for relief, and petitioner now appeals. ORS 138.650.

"'Although we generally review a court's denial of a motion to amend only for abuse of discretion, when the denial results from a substantive legal conclusion, we review the correctness of that conclusion' for errors of law." *Cowan v. Nordyke*, 232 Or App 384, 386, 222 P3d 1093 (2009), *rev den*, 348 Or 114 (2010) (quoting *Wallace v. Hinkle Northwest, Inc.*, 79 Or App 177, 179, 717 P2d 1280 (1986)); *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992) (unless otherwise provided for in the post-conviction statutes, Oregon Rules of Civil Procedure apply to post-conviction proceedings); ORS 138.610 (allowing post-conviction courts to "make appropriate orders as to the amendment of the petition or any other pleading, or as to the filing of further pleadings, or as to extending the time of the filing of any pleading other than the original petition"). In this case, the question is not whether the post-conviction court abused its discretion in denying petitioner's motion to amend; the issue is whether the court erred in concluding that it had no discretion to exercise. That is a legal question, and we review it for legal error. *See Bogle v. Armenakis*, 184 Or App 326, 328, 56 P3d 420 (2002), *rev den*, 335 Or 180 (2003) (we review for errors of law whether the post-conviction court's disposition of the petitioner's case was within the scope of our remand instructions).

Petitioner argues that our remand of *Allen I* authorized the post-conviction court to consider petitioner's fourth amended petition because the effect of the remand was to return the case to a pretrial posture. Petitioner points to the last sentence of our opinion in *Allen I*, which states in part that "we must reverse the judgment and remand the case for a new post-conviction trial"; that sentence, he argues, demonstrates that the purpose of the remand was a new trial, not just the consideration of the excluded testimony.

The state responds that a remand does not completely reopen the proceedings in the trial court; rather, a remand requires that the trial court take only those steps needed to correct the deficiency identified by the appellate

court. The state cites our opinion on reconsideration in *Beall Transport Equipment Co. v. Southern Pacific*, 187 Or App 472, 476, 68 P3d 259 (2003), in support of its argument. However, that opinion is not relevant to this case. In *Beall*, a complex civil multi-party dispute, our earlier opinion upon remand from the Supreme Court reversed and remanded the judgment in favor of respondent Southern Pacific Transportation Company against appellants Abrams and Abrams, Inc., otherwise affirming. 186 Or App 696, 709, 64 P3d 1193 (2003). The tagline read, "Judgment in favor of Southern Pacific Transportation Company against Abrams, Inc., and Stuart Abrams reversed and remanded for new trial; otherwise affirmed." On reconsideration, we clarified that the disposition required only that Southern Pacific's conversion claim—the entire claim, including liability as well as damages—needed to be retried; Abrams's claims against Southern Pacific did not need to be retried. 187 Or App at 475-76. *Beall* is not applicable to the issue in this case because our remand in *Allen I* did not involve one of several claims or judgments to be remanded for retrial. Here, the judgment denying petitioner's third amended petition, the only judgment at issue, was remanded for a new trial, and the disposition did not specify that only certain claims be retried.

Generally speaking, when our tagline specifies, *in toto*, "Reversed and remanded," the "reversed" part of the tagline negates the appealed judgment or order and the "remanded" part sends the case back to the lower tribunal as though the original proceeding did not occur. There may be exceptions, such as when something in the text of the opinion itself clearly indicates that the remand is partial. Here, nothing about our opinion in *Allen I* indicated that it was not "completely remanded." We concluded that there was error and ordered a new trial, not that the post-conviction court reopen proceedings only to admit petitioner's erroneously excluded testimony. By remanding for a new trial, the case was returned to its original pretrial posture, and because the new trial would include petitioner's previously excluded testimony, it was foreseeable that petitioner might seek to amend his petition to revise or add new claims related to that testimony. Whether to grant or deny petitioner leave to

amend his petition was within the court's authority; thus, the court erred by not exercising its discretion. Therefore, we reverse and remand for a new post-conviction trial, returning the case to its pretrial posture. In that posture, the court has discretion to grant or deny petitioner's motion for leave to file his fourth amended petition, the same position that petitioner should have been in after *Allen I*.

Because we are remanding this case for a new trial and the evidence presented on remand may be different than the record before us, we do not consider at this time petitioner's second assignment of error related to the claim of ineffective assistance of his appellate counsel or his third assignment of error claiming that the court erred in imposing a departure sentence without jury factfinding. *But see Miller v. Lampert*, 340 Or 1, 16, 125 P3d 1260 (2006) (rejecting identical argument regarding defense counsel's failure to anticipate change in case law regarding judicial factfinding).

Reversed and remanded.