LAGESEN, P. J.
*826 This post-conviction case is before us for the second time. See Cox v. Howton , 268 Or. App. 840, 343 P.3d 677 (2015). Following our remand, the post-conviction court denied petitioner's petition for post-conviction relief after rejecting petitioner's request to reopen the record to submit additional evidence. The post-conviction court did so based on its conclusion that it lacked authority to take additional evidence on remand. Petitioner appeals, assigning error to the denial of her request to reopen the record. She contends that the court's ruling was based on an overly narrow understanding of the scope of the remand. We agree and, therefore, vacate and *1200 remand for the post-conviction court to make a discretionary decision whether to permit the expansion of the record.
Petitioner seeks relief from convictions, pursuant to guilty pleas, for second-degree assault, strangulation, and assaulting a public safety officer. See id . at 841, 343 P.3d 677. Originally, the post-conviction court granted relief. Id . Defendant, the superintendent of the Coffee Creek Correctional Facility, appealed. Id . at 842, 343 P.3d 677. The superintendent did not challenge the post-conviction court's conclusion that petitioner's trial counsel performed deficiently, but argued that the court erred in determining that counsel's deficient performance prejudiced petitioner. Id . We concluded that the post-conviction court applied the wrong legal standard in assessing prejudice; we then articulated the correct legal standard and reversed and remanded "to the post-conviction court for further proceedings consistent with this opinion." Id . at 842-43, 343 P.3d 677. Our disposition tag line stated "Reversed and remanded."
On remand, petitioner sought to introduce additional evidence relevant to the prejudice assessment. The post-conviction court denied that request, concluding that this court had not "sent it back for any new testimony," but, instead, "sent it back for another legal argument on the issue of prejudice and for a ruling using the correct legal standard." Then, applying the correct legal standard for assessing prejudice, the court denied relief. Petitioner has appealed, contending that the post-conviction court misinterpreted the scope of the remand. The scope of a remand *827 is a question of law, reviewed for legal error. Allen v. Premo , 251 Or. App. 682, 685, 284 P.3d 1199 (2012).
As noted, petitioner challenges the post-conviction court's denial of her request to reopen the record to submit additional evidence. Relying on Allen , petitioner asserts that our tag line in the first appeal means that the case was returned to its pretrial posture on remand:
"Generally speaking, when our tagline specifies, in toto , 'Reversed and remanded,' the 'reversed' part of the tagline negates the appealed judgment or order and the 'remanded' part sends the case back to the lower tribunal as though the original proceeding did not occur. There may be exceptions, such as when something in the text of the opinion itself clearly indicates that the remand is partial. Here, nothing about our opinion in [the first appeal] indicated that it was not 'completely remanded.' "
Id . at 686, 284 P.3d 1199. According to petitioner, this means that petitioner "was free to offer admissible evidence, such as her testimony." The superintendent responds that this case represents one of the "exceptions" noted in Allen because our prior opinion is clear that the remand was to address prejudice only and, thus, the remand did not return the case to its pretrial posture.
Each party is a little bit right and a little bit wrong. The superintendent is correct that our remand did not return the case to its pretrial posture. The remand was for the express purpose of having the post-conviction court reassess prejudice only on the pending claims in a manner "consistent with [our] opinion." Cox , 268 Or. App. at 843, 343 P.3d 677. Thus, the only issue to be addressed on remand was the prejudice, if any, resulting from the previously adjudicated deficiencies in trial counsel's performance. Beyond that, contrary to petitioner's suggestion that she was "free" to introduce additional evidence, nothing in our remand compelled the post-conviction court to reopen the record. Rather, by stating that "it is for the post-conviction court in the first instance to decide that issue" and by "remand[ing] to the post-conviction court for further proceedings consistent with this opinion," we left it largely to the discretion of the post-conviction court to determine how best to address the issue of prejudice on *828 remand, subject to the requirement that the court apply the correct legal standard.
However, although the scope of our remand was narrow, petitioner is correct that our remand was not as narrow as the post-conviction court viewed it. The court understood our remand to preclude it from taking additional evidence. But a trial court generally has the discretionary authority to reopen a case on remand or otherwise to allow for presentation of additional evidence. See *1201 ZRZ Realty v. Beneficial Fire and Casualty Ins. , 349 Or. 657, 661-62, 249 P.3d 111 (2011) (on remand from Supreme Court for retrial of an issue previously tried in bench trial under incorrect legal standard, trial court has discretion to take additional evidence if it determines that doing so is appropriate); see also Jett v. Ford Motor Company , 192 Or. App. 113, 124, 84 P.3d 219, rev. den. , 337 Or. 160, 94 P.3d 876 (2004) ("We review rulings on motions to reopen a case in order to present additional evidence for abuse of discretion."). Thus, when this court reverses and remands for retrial of a particular issue, a trial court ordinarily will have the discretionary authority to reopen the record if it concludes that it is appropriate to do so, unless our decision or another source of law provides otherwise. Here, nothing in our prior decision provided otherwise, such that the post-conviction court was divested of its discretionary authority to reopen the record. As a result, the court erred when it concluded that the scope of our remand precluded it from reopening the record to take additional evidence from petitioner.
As a result of its mistaken understanding of the scope of the remand, the post-conviction court did not exercise its discretion to determine whether to allow the presentation of additional evidence. Accordingly, we vacate and remand for the post-conviction court to exercise its discretion. If the court exercises its discretion to expand the record, then it must determine the issue of prejudice on the expanded record. If the court declines to exercise its discretion to expand the record, then it may reinstate the judgment.
Vacated and remanded.