SHORR, J.
*108 The state appeals from an order granting defendant a new trial following our decision in State v. Ambriz-Arguello , 285 Or. App. 583, 397 P.3d 547, rev. den. , 362 Or. 39, 403 P.3d 784 (2017) ( Ambriz-Arguello I ).[1] In Ambriz-Arguello I , we concluded that the trial court erred when it admitted an audio-video recording and transcript containing an interpreter's out-of-court English translations of defendant's statements in Spanish because those translations were hearsay and inadmissible under the exceptions to the rule against hearsay proffered by the state. Id. at 587-88, 397 P.3d 547. The state now contends that the trial court erred when it concluded that our reversal of defendant's judgment of conviction and remand to the trial court required a new trial. The state argues that the trial court should have permitted the state on remand to offer alternative bases to admit the interpreter's translation in order to avoid a new trial. We conclude that the trial court did not err when it granted a new trial, because the state's argument that the translations were admissible as nonhearsay admissions of a party opponent was resolved adversely to the state in Ambriz-Arguello I . Furthermore, the trial court did not err when it declined to consider whether the evidence was admissible under the residual hearsay exception, because the state expressly disavowed that as an alternative basis for affirmance in Ambriz-Arguello I . Accordingly, we affirm.
The following facts are mostly procedural and undisputed for the purpose of this appeal. After defendant was arrested on a charge of sexually abusing his stepdaughter, A, defendant participated in a recorded interview with a detective at a police station. In that interview, defendant admitted to the detective that he had sexually abused A, but defendant spoke in Spanish, and a police interpreter translated his statements to the detective to English.
The state sought to admit defendant's translated statements at trial through an audio-video *479 recording and transcript of the interview. Defendant raised a hearsay objection to the admissibility of all of the out-of-court translations *109 of defendant's statements by the police interpreter, arguing that the interpreter's statements added a layer of hearsay that must qualify under an exception to the rule against hearsay.[2] The state contended that defendant's statements were not hearsay because they were made by a party opponent and, because the interpreter was "merely * * * translating from one language into the other," the interpreter's translation was "not a separate statement" that added a layer of hearsay.[3] The state argued in the alternative that the interpreter's translations would be admissible under the residual exception to the rule against hearsay.[4] In response, defendant argued that the residual hearsay exception could not be raised on the eve of trial, because the state had failed to comply with the residual exception's notice requirement. The trial court stated, "I think if we dealt with the * * * notice issue, * * * we could get it in * * * under the residual" exception. However, instead of resolving the notice issue, the trial court concluded that the interpreter's out-of-court translations of defendant's statements did not make the *110 interpreter an additional declarant and, therefore, defendant's statements were not hearsay because defendant was a party opponent. The trial court admitted the audio-video recording and transcript of defendant's interview with the detective, and the jury found defendant guilty of multiple crimes.
Defendant appealed, arguing "that the trial court erred in admitting the audio-video recording and transcript containing the interpreter's English translations of defendant's statements * * * because those translations amounted to inadmissible hearsay." Ambriz-Arguello I , 285 Or. App. at 587, 397 P.3d 547. The state did "not defend the trial court's ruling that the interpreter's translations were admissible under OEC 801(4)(b)(A), which provides that a party's own statement offered against that party is not hearsay," and we concluded that the trial court erred in ruling that "the interpreter's English translations of defendant's statements in Spanish * * * were admissible because defendant-not the interpreter-remained the declarant." Id. at 587-88, 397 P.3d 547 (citing State v. Montoya-Franco , 250 Or. App. 665, 669, 282 P.3d 939, rev. den. , 352 Or. 666, 293 P.3d 1045 (2012) (an "out-of-court translation of a non-English speaker's statements to a third party constitutes hearsay because the interpreter's translation constitutes an assertion of the English meaning of the original statement") ).
Additionally, in the state's answering brief, the state expressly declared that it was "not relying upon the residual hearsay exception rule for the basis of the trial court's ruling." Rather, the state argued for the first time that the interpreter's English translations were admissible under " OEC 801(4)(b)(C) and (D), which provide that a statement is not hearsay if the statement is offered *480 against a party and is made by 'the party's agent,' or if the statement is made 'by a person authorized by the party to make a statement concerning the subject.' " Id. at 588, 397 P.3d 547. We concluded that the state's newly raised theories of admissibility did not qualify as alternative bases to affirm the trial court's ruling "because the state did not argue either of those theories below." Id. (citing Outdoor Media Dimensions Inc. v. State of Oregon , 331 Or. 634, 659-60, 20 P.3d 180 (2001) (appellate courts may not rely on an alternate ground for upholding a *111 trial court's ruling when the record either is not adequate or would have been developed differently if the alternate ground had been raised at trial) ). We further concluded that the erroneous admission of the interpreter's out-of-court English translations was not harmless and we reversed the judgment of conviction and remanded the case to the trial court. Id. at 589-90, 397 P.3d 547.
On remand, the state argued to the trial court "that the issue that caused the remand is something that can be settled with a hearing, rather than with a [new] trial." Specifically, the state contended that a new trial was not necessary if the trial court concluded that "the residual hearsay exception applies" to the interpreter's out-of-court translations of defendant's statements or that "the statements at issue are admissions of a party-opponent offered by the state against the defendant via testimony of an interpreter pursuant to OEC 801(4)(b)(A) (as originally argued by the state before the trial court in 2013)." First, defendant responded that we "definitely said that this hearsay coming in for the party opponent as not hearsay was error." Second, defendant argued that "the notice for the residual hearsay exception is inadequate" and, if the state had given the proper notice by raising the residual exception in a timely manner, defendant would have had the opportunity to prepare additional arguments and "the record would have developed differently." The state, for its part, acknowledged that it "should have provided a better notice sooner" and that it should have raised the residual exception "in front of the Court of Appeals so that they could [resolve the] issue on its merits, rather than [creating] the procedural problem that occurred at the Court of Appeals level." Defendant stated that "appellate taglines must be read in the context of the opinion as a whole," and because "there is no clear indication that the court was reversing Ambriz-Arguello for a partial remand, the 'reversed' part of the tagline negates the appealed judgment and the remanded part sends the case back to the lower tribunal as though the original proceeding did not occur."
After hearing the parties' arguments and reviewing the case law, the trial court noted at a hearing that "all [the Court of Appeals] said was reverse and remand" and *112 "didn't give any indication to the court [in Ambriz-Arguello I ] that the court could entertain what the state was ultimately asking the court to entertain * * * and, therefore, the court finds that what's required is a new trial." It also issued a letter opinion that explained:
"Having heard argument and reviewed case law, the court finds it cannot review the trial court's decision not to address a different exception to the hearsay. Instead, the court finds it is required to set the case for a new trial with the understanding that the new trial judge will be able to rule on any new basis for the evidence to be received."
We pause here to explain our understanding of the trial court's ruling. We understand the trial court to have ruled that our tagline "reversed and remanded" in conjunction with the substantive discussion in Ambriz-Arguello I required it to reject the state's argument that it could relitigate the hearsay issue in a limited hearing on remand based on the prior trial court record, which did not include the requisite findings under OEC 803(28)(a) or resolve the notice issue under OEC 803(28)(b). As it explained at the hearing, the trial court reviewed our opinion and concluded that it did not "give any indication" that the trial court "could entertain" the same hearsay arguments that had been previously argued in the prior trial court proceeding.
On appeal, the state argues that the "[r]eversal of a ruling admitting evidence does not preclude the circuit court on remand from *481 deciding whether unresolved alternative bases for admission would obviate the need for a new trial." Defendant responds that "[t]he circuit court could not hold a hearing to reconsider the state's argument that the hearsay translations were admissible non-hearsay admissions of a party opponent, because that disposition would be inconsistent with this court's decision that they were hearsay." Additionally, defendant contends that the trial "court did not have authority to consider whether the evidence was admissible under the residual hearsay exception because the state had failed to comply with that rule's notice requirement, and the state's failure to give defendant sufficient notice was incurable absent ordering a new trial." *113 "The scope of a remand is a question of law reviewed for legal error." Cox v. Persson , 289 Or. App. 825, 826-27, 412 P.3d 1199 (2018). "[A]ppellate taglines must be read in the context of the opinion as a whole." State v. Barajas , 262 Or. App. 364, 366, 325 P.3d 772 (2014). "[W]hen this court reverses and remands, we assume that the trial court, with the parties' guidance, will follow whatever procedure is appropriate in light of the reason for the remand." State v. Sewell , 225 Or. App. 296, 297, 201 P.3d 918, rev. den. , 346 Or. 258, 210 P.3d 906 (2009). We have stated that,
"[g]enerally speaking, when our tagline specifies, in toto , 'Reversed and remanded,' the 'reversed' part of the tagline negates the appealed judgment or order and the 'remanded' part sends the case back to the lower tribunal as though the original proceeding did not occur."
Allen v. Premo , 251 Or. App. 682, 686, 284 P.3d 1199 (2012). However, in so stating, we have expressly noted that "[t]here may be exceptions, such as when something in the text of the opinion itself clearly indicates that the remand is partial." Id. For the reasons that follow, we conclude that the trial court did not err when it rejected the state's arguments and ordered a new trial. While our prior opinion's tagline in Ambriz-Arguello I stated, in toto , "Reversed and remanded" and the remand was not partial, the text of the opinion itself resolved, adversely to the state, the same legal issues that the state now attempts to relitigate using the prior trial court record. As we explain below, under those circumstances, the state cannot relitigate those issues as if we had not addressed them.
We turn more specifically to the state's argument that the trial court should have ruled on remand that the hearsay translations were admissible as nonhearsay admissions of a party opponent. In Ambriz-Arguello I , defendant assigned error to the trial court's ruling admitting the interpreter's translations under OEC 801(4)(b)(A), which addresses statements by a party opponent, and we resolved that issue adversely to the state. Therefore, a contrary ruling on remand on that issue would have been directly in conflict with our opinion. In Ambriz-Arguello I , we concluded that the trial court erred in admitting the interpreter's out-of-court *114 translations as nonhearsay statements of a party opponent and that that error was not harmless. 285 Or. App. at 588-89, 397 P.3d 547. A trial court does not err by concluding on remand that it cannot relitigate an issue raised and resolved on appeal, because our resolution of the issue becomes the "law of the case." State v. Bowen , 355 Or. 469, 475, 326 P.3d 1162 (2014).
We next address the state's argument that the trial court should have ruled on remand, based on the trial court record from the original proceeding, that the interpreter's out-of-court translations of defendant's statements were admissible under the residual exception to the rule against hearsay. The state's argument in that respect suffers from significant deficiencies. As discussed above, the state in the initial trial court proceeding did not raise its reliance on the residual exception until after the jury was sworn on the eve of trial, and the trial court did not make the requisite findings under OEC 803(28)(a) or resolve the notice issue under OEC 803(28)(b). We agree with defendant that, if the state had given notice sooner, defendant might have made additional arguments and the record may have developed differently. See State v. Rodriguez-Castillo , 345 Or. 39, 49-50, 188 P.3d 268 (2008) (noting the importance of the notice requirement in *482 the residual exception because the parties need the opportunity to offer evidence on the various criteria and because the application of the residual exception requires the court to resolve factual issues and make discretionary decisions). In addition, that is an issue that could have been addressed in the first appeal, but the state expressly abandoned the argument. In our prior opinion, we noted that the state had raised the residual exception to the hearsay rule to the trial court as an alternative basis for the admission of the interpreter's translations. Ambriz-Arguello I , 285 Or. App. at 586, 397 P.3d 547. However, we went on to note that "the state's only argument" on appeal was that the interpreter's translations were admissible as nonhearsay under OEC 801(4)(b)(C) and (D). Id. at 588, 397 P.3d 547. That was because the state expressly disavowed any reliance on "the residual hearsay exception rule for the basis of the trial court's ruling." Cf. State v. Madden , 363 Or. 703, 723-26, 427 P.3d 157 (2018) (when the state requested the Supreme Court to rule on an *115 alternative basis for affirmance raised by the state at trial, the court remanded to the trial court with specific instructions to determine whether police had reasonable suspicion of criminal activity to justify a seizure because it was a fact-intensive analysis that the trial court had expressly declined to decide in the first instance).
The state, as the proponent of the evidence, had the obligation to give timely notice of its reliance on the residual exception to give defendant a fair opportunity to prepare to meet it, to develop a record sufficient to justify the admission of the evidence under the residual exception, and to raise the residual exception as an alternative basis for affirmance on appeal rather than abandon that argument. If the state's arguments were to be accepted, parties would be allowed to expressly abandon arguments on appeal that they already had a full and fair opportunity to litigate and simply wait to relitigate those alternative bases for affirmance on remand on the original record. Such a holding would invite piece-meal litigation and serial appeals of evidentiary disputes. That is not how our court system works or should work. The trial court did not err in ordering a new trial. See Bowen , 355 Or. at 474, 326 P.3d 1162 ("A claim of trial court error simply cannot be predicated on the trial court having done what this court ordered it to do.").
Affirmed.

ORS 138.045(1)(j) provides that the state may appeal "[a]n order granting a new trial."

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). "Hearsay is not admissible except as provided in [OEC 801 to 806 ] or as otherwise provided by law." OEC 802.

A "party's own [out-of-court] statement" that "is offered against a party" is not hearsay. OEC 801(4)(b)(A).

OEC 803(28) provides a "catch all" or "residual" exception to the rule against hearsay for statements "not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness[.]" The exception applies if the court determines the following:
"(A) The statement is relevant;
"(B) The statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts; and
"(C) The general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence."
OEC 803(28)(a). For the exception to apply, the following notice procedure must be followed:
"A statement may not be admitted under this subsection unless the proponent of it makes known to the adverse party the intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing, or as soon as practicable after it becomes apparent that such statement is probative of the issues at hand, to provide the adverse party with a fair opportunity to prepare to meet it."
OEC 803(28)(b).