POWERS, J.
*554 This post-conviction case comes to us for a second time after we initially reversed and remanded the judgment denying petitioner relief. See Maxfield v. Nooth , 278 Or. App. 684, 377 P.3d 650 (2016). In this proceeding, petitioner argues, and the superintendent concedes, that the post-conviction court exceeded the scope of remand by revisiting the issue of whether trial counsel failed to exercise reasonable professional skill and judgment instead of addressing the issue of prejudice under the correct standard. For the reasons set out below, we agree with the parties that the post-conviction court exceeded the scope of remand and we remand again to the post-conviction court to determine whether trial counsel's deficient performance prejudiced petitioner.
Our first opinion set out the circumstances of petitioner's conviction and petition for post-conviction relief:
"Petitioner was convicted in a bench trial of nine counts of robbery-three counts of first-degree robbery and six counts of second-degree robbery. The trial court sentenced him to a sum of 40 years' incarceration. It did so by imposing consecutive sentences on five of the counts.
"Petitioner seeks post-conviction relief on the ground that he received inadequate and ineffective assistance of counsel at sentencing, in violation of his rights under Article I, section 11, [of the Oregon Constitution] and the Sixth Amendment [to the United States Constitution]. Specifically, he contends that, by failing to present a mitigation case at sentencing, his trial counsel performed below constitutional standards, and that his trial counsel's deficient performance prejudicially affected the trial court's sentencing decision. To prove this claim, petitioner introduced affidavits from friends and family members, and presented live testimony from a legal expert and a neuropsychological expert.
"The post-conviction court was persuaded by petitioner's evidence that trial counsel performed deficiently by not presenting mitigation evidence at petitioner's sentencing. However, as noted, the court determined that petitioner had not persuaded it that the omitted mitigation evidence *555 'would have had any effect on the decision that [the sentencing judge] made or the sentence that he received.' "
Id. at 685-86, 377 P.3d 650 (first and second bracketed text added; third bracketed text in original).
In his first appeal, petitioner challenged the post-conviction court's prejudice determination, arguing that the court's ruling illustrated that it had erroneously required petitioner to prove that it was more likely than not that the omitted mitigation evidence would have affected the court's sentencing decision. Id. at 686, 377 P.3d 650. We agreed and held that the post-conviction court had applied an incorrect legal standard to decide *781 prejudice under both Article I, section 11, and under the Sixth Amendment. Id. at 688, 377 P.3d 650. Accordingly, we reversed and remanded "for the post-conviction court to evaluate prejudice under the legally correct standard." Id. at 689, 377 P.3d 650. Notably, the superintendent did not challenge on appeal the post-conviction court's determination that trial counsel's performance was deficient. Id. at 686, 377 P.3d 650.
On remand, it appears that the post-conviction court invited the parties to file written submissions summarizing the parties' claims and arguments, which the superintendent did.[1] The post-conviction court then entered an amended general judgment denying petitioner relief on the basis of deficient performance. The post-conviction court explained:
"[A]ny attempt to by the Petitioner to shift the blame for his crimes onto his very difficult family life or drug usage would have been contrary to his trial counsel's sound advice that Petitioner's best chance for a lenient sentence was to accept full responsibility for his actions-not blame them on other circumstances. Trial counsel's conduct did not fall below the standard by failing to engage a more extensive investigation into petitioner's background given the facts and circumstances of this case."
As noted above, on appeal petitioner asserts, and the superintendent agrees, that the post-conviction court exceeded the scope of remand.
*556 To evaluate an inadequate assistance of counsel claim, a court engages in a two-step inquiry: First, it must determine whether petitioner demonstrated by a preponderance of the evidence that counsel failed to exercise reasonable skill and judgment; and then second, if the court determines that petitioner met that first burden, the court must further determine whether petitioner proved that counsel's deficient performance had a tendency to affect the result of the trial. See , e.g. , Lichau v. Baldwin , 333 Or. 350, 359, 39 P.3d 851 (2002) ; Strickland v. Washington , 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that the applicable standard under the Sixth Amendment is whether counsel's performance "fell below an objective standard of reasonableness"). In this case, we agree with petitioner and the superintendent that the post-conviction court erred by addressing the deficient-performance prong on remand.
The scope of remand is a question of law that is reviewed for legal error. Allen v. Premo , 251 Or. App. 682, 685, 284 P.3d 1199 (2012). As we explained in Allen :
"Generally speaking, when our tagline specifies, in toto , 'Reversed and remanded,' the 'reversed' part of the tagline negates the appealed judgment or order and the remanded part sends the case back to the lower tribunal as though the original proceeding did not occur. There may be exceptions, such as when something in the text of the opinion itself clearly indicates that the remand is partial."
Id. at 686, 284 P.3d 1199. In this case, our remand exemplified one of the exceptions to the general rule, viz. , we specifically stated in the text of the opinion that "we reverse[d] and remand[ed] for the post-conviction court to evaluate prejudice under the legally correct standard." Maxfield , 278 Or. App. at 689, 377 P.3d 650. Accordingly, by addressing the deficient performance prong of petitioner's claim, the post-conviction court erred by exceeding the scope of our remand.
Having concluded that the post-conviction court erred by revisiting the deficient performance prong of the analysis, we must decide whether to remand for further proceedings or determine the legal question of prejudice without remand. See , e.g. , Cox v. Persson , 289 Or. App. 825, 828, 412 P.3d 1199 (2018) (remanding to the post-conviction court *557 for it to determine whether it would exercise its discretion to expand the record before determining the issue of prejudice on an expanded record or decline to expand the record and reinstate the judgment); *782 Ashley v. Hoyt , 139 Or. App. 385, 396, 912 P.2d 393 (1996) (describing the choices and ultimately choosing to address the legal question of prejudice without remand because the post-conviction court rendered sufficient factual findings). Both parties argue that we can, and should, decide the issue of prejudice in this appeal. For his part, petitioner asserts that the post-conviction court failed to address the substantial mitigation evidence presented during the post-conviction hearing and that, had it done so, it would have been required to order petitioner resentenced. The superintendent remonstrates that we should conclude that petitioner failed to prove prejudice because "none of the affidavits or sworn testimony indicate that the witnesses were available or would have given statements consistently with their post-conviction testimony" and, in any event, petitioner was not prejudiced given the substance of the proffered testimony. Although we agree with the parties that the determination of whether petitioner was prejudiced by trial counsel's deficient performance is a question of law that we may address on appeal, we decline to do so for the following reasons.
First, on remand, the post-conviction court will be able to exercise its discretion to determine whether to make a determination about prejudice on the existing record or reopen the record for the parties to present additional evidence. See Cox , 289 Or. App. at 828, 412 P.3d 1199 (explaining that, "when this court reverses and remands for retrial of a particular issue, a trial court ordinarily will have the discretionary authority to reopen the record if it concludes that it is appropriate to do so, unless our decision or another source of law provides otherwise").
Second, a remand to the post-conviction court, will provide it the opportunity to make findings of fact and conclusions of law related to the superintendent's assertions that some or all of the proposed witnesses either would not have been available to testify at the underlying criminal proceeding or, even if available, may have not testified consistent *558 with their post-conviction averments. See , e.g. , Phillips v. Premo , 280 Or. App. 634, 644, 381 P.3d 986 (2016) (explaining that, to obtain post-conviction relief on a claim that trial counsel should have called specified witnesses at trial and sentencing, a petitioner has "to present evidence that the witnesses would have been available to testify at the trial and sentencing and that their testimony would have had a tendency to affect the results of those proceedings").
Finally, we are confronted with the same circumstances that were present in the first appeal where we remanded to the post-conviction court for a determination of prejudice using the correct legal standard. In our earlier opinion, we followed Green v. Franke , 357 Or. 301, 350 P.3d 188 (2015), and remanded to the post-conviction court rather than deciding prejudice on our own accord. Maxfield , 278 Or. App. at 689, 377 P.3d 650. In Green , the post-conviction court applied the wrong standard for prejudice by requiring a "probability" rather than the correct "could have tended to affect" standard 357 Or. at 322-23, 350 P.3d 188. The Supreme Court concluded that, "[b]ecause the post-conviction court appears to have applied the wrong legal standard for prejudice, it is inappropriate to affirm the post-conviction court's judgment on prejudice grounds on the record before us." Id. at 323, 350 P.3d 188. Because the circumstances are the same as when we remanded in our earlier opinion and, because this case presents a situation like the one the court faced in Green , we similarly conclude that it would be inappropriate under the circumstances for us to decide the question of prejudice. Accordingly, we remand the case to the post-conviction court to address prejudice in the first instance.
Reversed and remanded.

The record does not reflect that petitioner filed anything in response to the post-conviction court's invitation, nor does the record reflect that the post-conviction court held any conference or hearing following remand.