Submitted March 31, affirmed November 16, 2022, petition for review denied March 30, 2023 (370 Or 827)

## NICOLAS RINNE,
*Plaintiff-Appellant,*

*v.*

## Dolores MATTEUCCI,
Superintendent, Oregon State Hospital,
*Defendant-Respondent.*

### Marion County Circuit Court
20CV08061; A175397

521 P3d 170

Plaintiff appeals from the trial court's dismissal of his writ of habeas corpus. Plaintiff filed his petition for habeas corpus relief while a separate petition for judicial review of a third order continuing the Psychiatric Security Review Board's (PSRB's) putative jurisdiction over him was pending. He argues that PSRB's third order is deficient for the same reasons as its first two orders, which we previously reversed. As a result, he contends that the third order, and consequently his continued confinement, is not legal, and that dismissal of the writ was erroneous. *Held*: Because plaintiff challenged only the reasoning in the current order underlying his restraint without questioning whether that order precludes habeas corpus relief under ORS 34.330, he has failed to state a claim upon which habeas corpus relief can be granted.

Affirmed.

Courtland Geyer, Judge.

Ryan T. O'Connor and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff is confined at the Oregon State Hospital (OSH), where he was originally placed by the Psychiatric Security Review Board (PSRB) after being found guilty except for insanity on multiple criminal charges in 1999. He has sought discharge from PSRB's jurisdiction multiple times; we previously reversed two of PSRB's orders continuing his commitment for insufficient evidence. *Rinne v. PSRB*, 299 Or App 275, 448 P3d 654 (2019) (*Rinne I*); *Rinne v. PSRB*, 297 Or App 549, 443 P3d 731 (2019) (*Rinne II*). Once plaintiff's petition for judicial review of a third order was pending, he sought habeas corpus relief which the trial court ultimately dismissed. He appeals from that dismissal arguing that, because PSRB's third order is deficient for the same reasons as the first two, the third order, and consequently his continued confinement, is not legal. However, Oregon's habeas corpus laws are not meant to provide a vehicle to challenge the merits of an order that maintains an individual's confinement. Accordingly, we affirm.

We begin with the history of PSRB's jurisdiction and plaintiff's confinement. Plaintiff was found guilty except for insanity of a number of criminal charges in 1999 and was placed under the jurisdiction of the PSRB "for a maximum period of time not to exceed 60 years." In 2015 and 2017, he appeared before PSRB seeking jurisdictional discharge, based on the recommendation of defendant, the superintendent of OSH, alleging that he no longer had a jurisdictional diagnosis. On both occasions, PSRB found by a preponderance of the evidence that a qualifying mental illness, "Other Specified Anxiety Disorder," combined with his pedophilia to result in "a substantial danger to others," meeting the requirements for maintaining its jurisdiction under ORS 161.341 and ORS 161.351. Plaintiff sought judicial review of both commitment orders.

In two separate opinions, this court reversed both orders, concluding that the record in both instances did not include substantial evidence to support PSRB's findings that "petitioner suffers from a qualifying mental disease or defect that renders him a substantial danger to others." *Rinne II*, 297 Or App at 566; *Rinne I*, 299 Or App at 276-77. More

specifically, we explained that, based on prior case law, pedophilia is a personality disorder and that a personality disorder does not qualify as "mental disease or defect." *Rinne II*, 297 Or App at 553 (sexual conduct disorders are personality disorders for purposes of PSRB jurisdiction and "there is no dispute that pedophilia is a sexual conduct disorder and therefore not a qualifying mental disease or defect for purposes of PSRB jurisdiction"). For that reason, in order for PSRB's orders to stand, the respective records needed to include substantial evidence that petitioner's qualifying mental disease or defect, other anxiety disorder, caused him to be dangerous in a manner that his pedophilic disorder did not already cause. *Id*. at 553-54, 566; *Rinne I*, 299 Or App at 276-77. We concluded that the records underlying each order did not supply sufficient evidence to reach that determination. In both cases, we remanded without further instructions.

After we issued those two decisions, PSRB "examined [its] options for redeciding a remanded matter \*\*\* [and] ultimately determined that the best way to proceed was to reopen the record for a [consolidated] supplementary hearing to take additional evidence." After that supplemental hearing, PSRB issued a third order continuing plaintiff's commitment. In that order, PSRB noted that it "is able to retain jurisdiction of [someone whom PSRB] know[s] to be an indisputably dangerous person, when his cluster of symptoms are conceptualized as a qualifying mental disease or defect, but [] is forced to discharge him when those same symptoms are conceptualized as a non-qualifying mental disease or defect." PSRB concluded that plaintiff is affected by multiple qualifying mental disorders, including bipolar and related disorder, illness anxiety disorder, and generalized anxiety disorder, and that one or more of those diagnoses "combines with his Pedophilic Disorder to make him more dangerous than he would be without it." Plaintiff again sought judicial review of PSRB's third commitment order, arguing that PSRB "employed essentially the same reasoning rejected by this court in *Rinne I* and *Rinne II* on essentially the same record." Plaintiff then separately filed his petition for habeas corpus relief.

Plaintiff's initial petition for habeas corpus relief followed *Rinne I* and *Rinne II* and argued that those

decisions effectively ended PSRB's jurisdiction over him and thus ended its authority to continue his confinement. Under that reasoning, he maintained that anything other than his immediate discharge exceeded PSRB's and the superintendent's authority. The superintendent responded by asserting, among other things, that because we remanded both *Rinne I* and *Rinne II* back to PSRB, PSRB was within its rights to reevaluate the case without immediate discharge, and that plaintiff remained under PSRB's jurisdiction unless and until a determination to the contrary was made by PSRB or the courts.

PSRB's supplemental hearing, described above, was held nearly four months after plaintiff filed his initial habeas petition, and its third order continuing his commitment was issued an additional two months after that. Plaintiff filed his replication after the third order was issued, necessarily pivoting to address how the third order factored into his habeas argument. He maintained that he challenged his confinement under ORS 34.610(1) and (2),[1] alleging that OSH continues to unlawfully confine him on the basis of an invalid and unlawful order issued by PSRB. He alleged that "[d]espite the flaw in [PSRB's] logic pointed out by the Oregon Court of Appeals, [the superintendent] continues to unlawfully confine plaintiff without the diagnosis of a qualifying mental disease or defect that directly causes a substantial risk to others as required under ORS 161.341 and ORS 161.351." Said another way, plaintiff argued that PSRB's third order reflects the reasoning and record already reviewed and rejected on judicial review and, consequently, that that order is unlawful and thus his continued confinement at OSH, resulting from that order, is unlawful. He sought habeas corpus relief while his petition for judicial

---

[1] ORS 34.610 provides, in relevant part:

"If it appears on the return that the prisoner is in custody by virtue of an order or civil process of any court legally constituted, or issued by an officer in the course of judicial proceedings before the officer, authorized by law, such prisoner shall be discharged only if one of the following cases exists:

"(1) The jurisdiction of the court or officer has been exceeded, either as to matter, place, sum or person.

"(2) The original imprisonment was lawful, yet by some act, omission or event which has taken place afterwards, the party has become entitled to be discharged."

review of the third order is pending because, in his view, as the history of his time under PSRB's jurisdiction has shown, direct judicial review is not a timely alternative remedy for illegal confinement.

The superintendent moved to dismiss the habeas corpus proceeding on two grounds. First, the superintendent contended that "[p]laintiff cannot challenge a [PSRB] order in habeas corpus that has been appealed to the Court of Appeals." Second, the superintendent argued that plaintiff failed to "establish constitutional deprivations that resulted in his unlawful imprisonment" which "requires immediate judicial scrutiny for which there is no other timely practicable remedy."

Plaintiff responded to the motion to dismiss alleging that "[t]he jurisdiction of the court or officer has been exceeded, either as to matter, place, sum or person," and thus this case "falls within the first category under ORS 34.610." Plaintiff also argued that PSRB's jurisdiction was exceeded due to its "erroneous application of ORS 161.341 and ORS 161.351" in an effort to "stretch[] [PSRB's] power beyond that allowed by statute to ensure plaintiff is not released." Because plaintiff challenges the authority for confinement, ORS 34.360,[2] not the conditions of confinement

---

[2] ORS 34.360 provides:

"If the challenge is to the authority for confinement, the petition shall state, in substance:

"(1) That the party in whose behalf the writ is petitioned is imprisoned or restrained of liberty, the place where, and officer or person by whom the party is imprisoned or restrained, naming both parties if their names are known, or describing them if not known.

"(2) That such person is not imprisoned or restrained by virtue of any order, judgment or process specified in ORS 34.330.

"(3) The cause or pretense of the imprisonment or restraint, according to the best knowledge or belief of the plaintiff.

"(4) If the original imprisonment or restraint is by virtue of any order, warrant or process, a copy thereof shall be annexed to the petition, or it must be alleged that, by reason of the removal or concealment of the party before the application, a demand of such copy could not be made, or that the demand was made, and the legal fees therefor tendered to the person having the party in custody, and that a copy was refused.

"(5) That the claim has not already been adjudged upon a prior writ of habeas corpus, to the knowledge or belief of the plaintiff."

or deprivation of rights while confined, ORS 34.362,[3] the superintendent's second argument concerning constitutional deprivations, which apply to habeas petitions made under ORS 34.362 and not ORS 34.360, is irrelevant to his petition. Plaintiff also understood the superintendent's first argument to contend that habeas relief is barred because of the availability of judicial review as a timely alternate remedy, and that that argument invoked another requirement of habeas petitions that falls under ORS 34.362 but not those that fall under ORS 34.360.

The trial court agreed with the superintendent and stated that "the higher courts have established that Oregon habeas law is not supposed to serve as a substitute" for a petition for judicial review. This appeal followed.

On appeal, plaintiff challenges the superintendent's assertions below, primarily focusing on his understanding of the superintendent's first claim that the alternative remedy of judicial review precludes habeas relief. Plaintiff also claims that he should be discharged under ORS 34.610(1) and (2), an argument which the superintendent contends is unpreserved. In response, the superintendent abandons her second argument concerning whether plaintiff had established a "need for immediate judicial scrutiny," and contends that "[b]ecause the PSRB order that plaintiff challenged in his habeas action is valid on its face, and because *** PSRB had subject matter and personal jurisdiction to issue the order, ORS 34.330 and ORS 34.620 preclude plaintiff from obtaining habeas relief."

A motion to dismiss a writ of habeas corpus is "the functional equivalent of a motion for summary judgment," *McClintock v. Schiedler*, 123 Or App 334, 336, 859 P2d 580 (1993); thus, in reviewing a judgment dismissing a writ of

---

[3] ORS 34.362 provides:

"If *** the person challenges the conditions of confinement or complains of a deprivation of rights while confined, the petition shall:

"(1) Comply with requirements of ORS 34.360 (1), (3), (4) and (5); and

"(2) *State facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practically available to the plaintiff.*"

(Emphasis added.)

habeas corpus, we will affirm if the record, viewed in the light most favorable to the plaintiff, presents no genuine issue of material fact and the defendant is entitled to prevail as a matter of law. *See* ORCP 47 C.

The legislature explicitly limited the scope of a habeas inquiry in ORS 34.620, which states that

> "[n]o court or judge, on the return of a writ of habeas corpus, has power to inquire into the legality or justice of any order, judgment or process specified in ORS 34.330,[4] nor into the justice, propriety or legality of any commitment for a contempt made by a court, officer or body, according to law, and charged in such commitment, as provided by law."

Accordingly, and as relevant to this case, if plaintiff is "restrained by virtue of the judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment," pursuant to ORS 34.330(2), the order's "legality or justice" is not a material fact in a habeas inquiry.

We do not understand the superintendent to argue that the availability of judicial review of a PSRB order precludes any challenge in habeas corpus to a custodian's authority to continue confinement. Instead, the superintendent's argument appears to be that a challenge to a PSRB

---

[4] ORS 34.330 provides, in relevant part:

"A person may not prosecute a writ of habeas corpus if:

"(1) The person is imprisoned or restrained by virtue of process issued by a court of the United States, or a judge, commissioner or other officer thereof, in cases where such courts, or judges or officers thereof, have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of actions, suits or other proceedings in such court, or before such commissioner or other officer.

"(2) The person is imprisoned or restrained by virtue of the judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment.

"* * * * *

"(5) The person seeks judicial review of a final order of the board under ORS 144.335 but the Court of Appeals:

"(a) Summarily affirms the order of the board on the grounds that the person failed to present a substantial question of law;

"(b) Otherwise disposes of the judicial review on the merits of the petitioner's issues on judicial review; or

"(c) Dismisses the judicial review because of a procedural defect."

order is properly raised in a petition for judicial review and that habeas corpus cannot be used as an alternative to that judicial review. We agree. Judicial review is not an *alternative* remedy to habeas corpus; it is a remedy different in *kind*. While judicial review allows a party subject to a PSRB order to challenge that order, habeas corpus allows a confined party to challenge the authority or conditions under which their custodian, in this case the superintendent, holds them. *Compare* ORS 161.348 (judicial review) *with* ORS 34.310 (habeas corpus). In fact, as noted above, the legislature has explicitly precluded courts in a habeas corpus action from inquiring into the legality of an order, such as evaluating its reasoning. ORS 34.620. That distinction explains why PSRB is a party to plaintiff's petition for judicial review, but not to this appeal.

We also agree with the superintendent that, because we remanded both *Rinne I* and *Rinne II* to PSRB without terminating its jurisdiction over plaintiff, PSRB had the authority to reopen and reconsider his case. *See Allen v. Premo*, 251 Or App 682, 686, 284 P3d 1199 (2012) ("Generally speaking, when our tagline specifies, *in toto*, 'Reversed and remanded,' the 'reversed' part of the tagline negates the appealed judgment or order and the 'remanded' part sends the case back to the lower tribunal as though the original proceeding did not occur."). Consequently, plaintiff is "imprisoned or restrained by virtue of the judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment." ORS 34.330(2). Accordingly, given that plaintiff challenges only the reasoning in the current order underlying his restraint without questioning whether that order precludes habeas corpus relief under ORS 34.330, he has failed to state a claim upon which habeas corpus relief can be granted.

To the extent, below or on appeal, that plaintiff contends that he is entitled to discharge under ORS 34.610(1) and (2), he makes no valid argument in support of that assertion. As discussed above, PSRB's jurisdiction has not been severed either by its own judgment or by judicial review of its judgments and orders. That jurisdiction includes authority to confine plaintiff in OSH so long as the duration of his original sentence has not expired and the

PSRB finds that he is still "affected by a qualifying mental disorder" and "presents a substantial danger to others." ORS 161.351.[5] Plaintiff's 60-year sentence has not elapsed and PSRB, which still maintains jurisdiction over him, made findings in support of continuing his confinement. Accordingly, although those findings may be challenged in the context of judicial review of that order, neither PSRB nor the superintendent has exceeded their authority under ORS 34.610(1) by continuing plaintiff's confinement in OSH. Also, at this stage, plaintiff has pointed to no "act, omission or event which has taken place"—either by PSRB or the courts—since his original commitment that entitles him to discharge under ORS 34.610(2).

Affirmed.

---

[5] ORS 161.351 provides, in relevant part:

"(1) Any person placed under the jurisdiction of the Psychiatric Security Review Board under ORS 161.315 to 161.351 shall be discharged at such time as the board, upon a hearing, finds by a preponderance of the evidence that the person is no longer affected by a qualifying mental disorder or, if so affected, no longer presents a substantial danger to others that requires regular medical care, medication, supervision or treatment."